UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-80820-Civ-Hurley/Hopkins [lead action]
[Consolidated with Case No. 08-cv-81185]

FILED by _TM_ D.C.

DEC - 8 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ARTHUR SMITH and SUE SMITH,

                Plaintiffs,

vs.                                                Case No. 08-cv-80820

POWDER MOUNTAIN, LLC, et al.,

                Defendants.
_____/

FDB II ASSOCIATES LP,

                Plaintiff,

vs.                                                Case No. 08-cv-81185

STONE CREEK INVESTMENT CO., LLC, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING SMITHS' MOTION TO INTERVENE (DE 294)

**THIS CAUSE** has come before this Court upon an Order referring all motions to aid in execution of the judgment to the undersigned United States Magistrate Judge for final disposition. (DE 270). However, the motion presently before the Court is a motion to intervene, which, because of its dispositive nature, cannot be decided by a magistrate judge absent the parties' consent. *See Newman v. Sun Capital, Inc.*, 2010 WL 326069, *1 (M.D. Fla. Jan. 21, 2010)("a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent"); *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 3072 (3d ed. 1998 & Supp. 2009)(*citing*

*New York Chinese TV Programs v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993)(a district judge must make the final determination on a motion to intervene, absent consent to magistrate jurisdiction)).

## BACKGROUND

This lawsuit stems from Defendants' efforts to solicit investors for a planned Utah mountain resort that Plaintiffs alleged was a fraudulent investment scheme. On December 11, 2008, Plaintiffs Arthur and Sue Smith ("the Smith Plaintiffs") voluntarily dismissed without prejudice their complaint against Defendant Arnold Mullen. (DE 31, 35, 36). The claims of the remaining parties were ultimately resolved (either settled or dismissed) and on March 5, 2010, the District Court closed the case. One of the settlements entered into is pertinent to the motion presently before the Court, namely, the consent judgment entered in favor of Plaintiff FDB II Associates LP ("FDB"), against Defendant Mullen in the amount of one million dollars ($1,000,000.00). (DE 257).

Shortly after the consent judgment was entered, FDB moved this Court for a writ of garnishment against Fidelity Investments for any accounts held by Arnold Mullen. (DE 260-265). Fidelity responded to the writ by identifying numerous accounts, many of which, it noted, were the subject of a June 30, 2010 Restitution Order entered by a Florida state court in a separate civil lawsuit against Mullen, to which FDB was not a party. *See Paul & Phyllis Fireman Charitable Foundation v. Mullen,* Case No. 2009CA002404XXXXMBAO (Fla. Cir. Ct.)(DE 268, Exhibit A). Fidelity restricted two of the accounts under its control, which together contained assets

sufficient to satisfy FDB's judgment.[1]

On July 14, 2010, FDB moved this Court for final judgment on its writs of garnishment as to the two Fidelity accounts. (DE 272). Within a week, a motion to dissolve the writs of garnishment was filed by PFP Asset Recovery, LLC ("PFP"), a third party claiming entitlement to the money in the two restricted Fidelity accounts.[2]

The briefing of those competing claims has been ongoing, and in the meantime, the Smith Plaintiffs have filed the instant Motion to Intervene. (DE 294). Despite the fact that the Smith Plaintiffs voluntary dismissed their claims against Mullen and are no longer parties to this case, they now claim to have an interest in the two restricted Fidelity accounts. Specifically, the Smith Plaintiffs claim that as a result of a "wrongful disbursement," one million dollars of their money was deposited into "one of Mullen's Fidelity accounts." (DE 294 at page 3).[3] The Smith Plaintiffs contend that they can definitively trace their money into another Fidelity account owned by Mullen, namely, "the 048 Account." Notably, the 048 Account is not one of the two restricted accounts presently subject to this Court's jurisdiction, and in any event, according to the Smiths, that account is now "empty." (DE 294 at pages 3-4). Nevertheless, the Smith Plaintiffs seek to intervene in this action because they "believe the money [in the 048 Account]

---

[1] The restricted accounts are as follows: 1) account number ending in 5072, which is a joint account held with Betty Mullen, and is valued at $3,459,960.13 and 2) account number ending in 5030, which is a joint account held with Geoffrey M. Mullen, and is valued at $234,290.66. (DE 271 at ¶5).

[2] PFP stated that the plaintiffs in the state court action had assigned their rights under the state court order to it.

[3] The Smith Plaintiffs contend that the money was wrongfully transferred by a prior defendant named in the FDB lawsuit, the law firm of Ruden McClosky Smith Schuster & Russell, LLP.

may have been transferred to the two accounts under this Court's jurisdiction." (DE 294 at page 4). FDB and PFP oppose the Smiths' Motion to Intervene, claiming that the Smiths have failed to establish any legally protectable interest in the funds contained in the two restricted Fidelity accounts. (DE 297, 298).

## DISCUSSION

Under the Federal Rules of Civil Procedure, a court

> must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Eleventh Circuit has interpreted this rule to "require a party seeking intervention of right to demonstrate that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004)(*quoting Worlds v. Dept. of Health and Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir. 1991)). All four of these elements must be met before intervention of right will be granted. *S.E.C. v. Regions Bank*, 2010 WL 3632769, *2 (S.D. Fla. Sept. 1, 2010)(*citing Chiles v. Thornburgh*, 865 F.2d 1197, 1213-1214 (11th Cir. 1989)).

Here, the FDP and PFP do not dispute the timeliness of the Smiths' motion. Rather, they

focus their objection on the Smiths' purported "fail[ure] to demonstrate an interest in the subject matter of the suit." (DE 297 at page 5). According to FDP and PFP, the Smiths "rely on pure speculation" and "guesswork" that they "*could* have an interest in the accounts *if* their $1 million was transferred into an account before this Court." (DE 297 at pages 5-6)(emphasis in original).

Assuming *arguendo* that the Smiths could trace their money into Mullen's 048 Account, FDB and PFP assert that the Smiths have produced "absolutely no evidence or reason to believe" that their money is now located in either of the two restricted Fidelity accounts under this Court's jurisdiction. Indeed, FDB has attached to its opposition papers a letter from Fidelity's attorney, Brian D. Elias, Esq., dated November 12, 2010. (DE 298, Ex. A). The letter states unequivocally that all of the funds in Mullen's 048 Account "were transferred in kind to accounts for PFP Asset Recovery, LLC on or about July 14, 2010" and that "[n]o part of this account was transferred to any other Fidelity account." *Id.* It is significant that the Smith Plaintiffs did not file reply papers to their Motion to Intervene or in any way refute this evidence. In any event, FDB and PFP note that if the Smiths were permitted to intervene, they would need to file a motion to dissolve FDB's writ of garnishment and under Fla. Stat. § 77.16, which requires an affidavit attesting that the property in possession of the garnishee actually belongs to the third party. Notably, the Smiths have filed no such affidavit in this case, nor have they alleged that any of the allegations in FDB's motion seeking the writ of garnishment are untrue, as required under Fla. Stat. §77.07.[4]

It is well settled that a proposed intervener "must be at least a real party in interest in the

---

[4] Rather, the Smith Plaintiffs "do not take any position as to whether FDB or PFP is entitled to the other money in Mullen's accounts." (DE 294 at page 7).

5

transaction which is the subject of the proceeding" and have a "direct, substantial and legally protectable interest in the proceedings." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d at 594. The Eleventh Circuit has also recognized that "[b]y requiring that the applicant's interest be ... 'legally protectable,' it is plain that something more than an economic interest is necessary . . . the interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)(emphasis in original). In this regard, the Eleventh Circuit has held that a legally protectable interest is one that "derives from a legal right." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311, n.5 (11th Cir. 2005)(noting that in *S. Florida Water Mgmt.*, the farming corporations were allowed to intervene in an action whereby the federal court would interpret a state regulation because under Florida law, they had a legal right to participate in any administrative proceedings interpreting the regulation).

In light of the foregoing, this Court is not convinced that the Smith Plaintiffs have established the necessary legally protectable interest under Rule 24(a) to warrant intervention. First, the Smith Plaintiffs themselves admit that it is uncertain whether their funds can be traced to either of the two Fidelity accounts under this Court's jurisdiction. *See Mt. Hawley Ins. Co.*, 425 F.3d at 1311 (court denied motion to intervene where the purported interested was "purely speculative").[5] Second, even if the Smiths could affirmatively trace their funds, their motion must fail because they assert nothing more than an economic interest in this garnishment proceeding. *Id. See also Newman v. Sun Capital, Inc.*, 2010 WL 326069 (M.D. Fla. Jan. 21,

---

[5] In their motion to intervene, the Smith Plaintiffs state that they "do not yet have direct evidence that their $1,000,000 was transferred from the 048 Account to one of the accounts within this Court's jurisdiction . . ." (DE 294 at page 6).

6

2010)(court denied motion to intervene where the intervenor's purported interest was purely economic, as it involved money lost in a fraudulent investment scheme); *Cotton States Mutual Ins. Co. v. Sellars,* 2008 WL 1698353, *1 (M.D. Ala. April 9, 2008)(court found intervener's interest in "securing a source of [insurance] funds from which she might one day recover damages" to be "insufficient to constitute a legally protectable interest"); *Guevara v. Republica Del Peru,* 2008 WL 5101795, *3-4 (S.D. Fla. Dec. 1, 2008)(court found that intervener had no legally protectable interest in the reward money at issue because intervener failed to show entitlement to the money).

For these reasons, this Court recommends that the District Court deny the Smith Plaintiffs' Motion to Intervene as a matter of right.[6]

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court **DENY** the Smith Plaintiffs' Motion to Intervene. (DE 294).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren,* 687 F.2d 347, 348

---

[6] Notably, the Smith Plaintiffs do not seek permission to intervene under Rule 24 (b). Even if they had, the court has "broad discretion" under Rule 24(b) to deny such a request, "even when the nonparty has met the requirements of the rule." *Newman,* 2010 WL 326069 at *6 (citing *Worlds v. Department of Health & Rehabiltation Services,* 929 F.2d at 595).

(11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** this 8 day of December, 2010 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Counsel of Record